**In re WYATT, Paul and Wyatt, April, Debtors.**

**Bankruptcy No. 94–00804.**

United States Bankruptcy Court, D. Idaho.

Aug. 3, 1994.

Randal J. French, Bauer & French, Boise, ID.

Mark L. Clark, Atty. at Law, Nampa, ID.

Bernie Rakozy, Boise, ID.

## SUMMARY ORDER

ALFRED C. HAGAN, Bankruptcy Judge.

Thomas Cates and Audrey J. Cates, husband and wife (the "Cates"), the creditors in this case, move for the turnover of, and a declaration of their right to use, a telephone number in Nampa, Idaho.

### I.

### *FACTUAL BACKGROUND*

On November 1, 1993, the Cates entered into an agreement with the debtors, April and Paul Wyatt (the "agreement"). The agreement provided that the debtors would lease the business known as "Tip Top Appliance Services" including, "THE BUSINESS, HOUSE AND PROPERTY AT CENTRAL KINGS ROAD, NAMPA IDAHO 83687." Also pursuant to the agreement the debtors agreed to purchase $12,319.06 worth of inventory. The agreement also provided that:

AT THE END OF FIVE YEARS THE PARTY OF THE FIRST PART [the Cates] AGREES TO ALLOW 25% of the total LEASE (PAID INTO LEASE) TOWARD THE DOWN PAYMENT OF THE PURCHASE PRICE OF THE BUSINESS AND PROPERTY, $120,-000.00 AND THE PARTY OF THE SECONED PART (the debtors) WILL FURNISH HIS OWN FINANCING.

During the early part of 1994 the debtors vacated the leased premises and began to run an appliance service business elsewhere.

The debtors have returned the equipment and inventory to the Cates. However, the debtors transferred the business phone number, "208–466–3271," to their new address.

The business "Tip Top Appliance Services" is currently listed in the advertizing pages of the telephone directory under the number 208–466–3271.

On April 7, 1994, the debtors filed their motion for relief under chapter 13 of title 11. At the creditors meeting the debtors rejected the agreement.

The Cates contend that the telephone number is their property and request an order requiring the debtors to return the number.

At the hearing on July 14, 1994, Thomas Wyatt testified that the telephone number and the name "Tip Top Appliances" belong to him because he has "built up the business" and because name Tip Top Appliances is not currently registered as a "doing business" under the name of Mr. Cates. The debtor also testified that the use of the phone number is vital to his business and that he could not remain in business without it.

Mr. Cates testified that he had merely leased the telephone number and the business name to the debtors and that the telephone number belong to him. Mr. Cates also testified that he is attempting to conduct business under a different telephone number, but that the disputed number is vital to his own business.

With regard to the telephone number the agreement provides:

THE TELEPHONE ADVERTIZEMENT MUST BE NEGOTIATED AT THE END OF EACH JULY BY THE END OF JULY BY, BOTH PARTIES.

\* \* \* \* \* \*

ANY ADVERTIZEMENT OUT OF THIS BUSINESS FOR APPLIANCE REPAIR AND SALES OF USED APPLIANCES REFER REPAIR AND HEATING REPAIR AND INSTALLATION. ECT [*sic.*] MUST BY DONE IN THE NAME OF TIP TOP APPLIANCE REPAIR SERVICE AND THE PHONE

NUMBER 208–466–3271 AND ANY OTHER BUSINESS PHONE NUMBER AT THIS ADDRESS WILL BELONG TO TIP TOP APPLIANCE SERVICE.

IN THE EVENT THE PARTY OF THE SECOND PART LEAVES THIS BUSINESS AND THIS ADDRESS THEY CANNOT USE THE NAME TIP TOP APPLIANCE SERVICE IN ANY FORM OF ADVERTIZEMENT.

## II.

### DISCUSSION

The agreement is clearly a lease agreement with an option to purchase. The items leased include the business itself, the premises and the tools. The agreement states that the telephone number is part of the business and as such belongs to Cates.

The fact that the agreement also granted the debtors an option to purchase the business and the premises at the end of five years does not alter the present ownership of the business or the telephone number. Nor did the debtors create an ownership interest in the business or the telephone number by operating the business pursuant to the lease agreement. Mr. Wyatt's testimony that he purchased the telephone number is not supported by the evidence and is contrary to the terms of the written agreement.

The debtors have rejected the agreement pursuant to Bankruptcy Code section 365(a). Therefore, the debtors are obligated to return the leased property, including the telephone number to the Cates.

Accordingly, it is,

ORDERED:

1. The Cates' motion for turnover of personal property is granted.

2. The debtors shall return the telephone number "208–466–3271" to the Cates and the debtors shall execute any documents and pay any transfer fee necessary to transfer the telephone number "208–466–3271" to the Cates.